UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MITCHELL L. BARROW,

    Petitioner,

v.

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

Case No. 5:03-cv-134-Oc-10GRJ

## ORDER DENYING THE PETITION

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner is proceeding on an Amended Petition. (Doc. 3). Petitioner is challenging his 1998 Marion County convictions. In his Amended Petition, Petitioner raises one ground for relief, that trial counsel was ineffective in failing to raise the defense of voluntary intoxication. The Amended Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

## Convictions and Sentences

The State charged Petitioner by information with attempted first-degree murder with a firearm, attempted armed carjacking while armed, felony causing bodily injury, two counts of armed carjacking, two counts of aggravated assault,

criminal mischief of a church, and possession of a firearm by a convicted felon. Petitioner pled not guilty to the charges. After a jury trial from May 11, 1998 to May 13, 1998, Petitioner was adjudicated guilty of attempted first-degree murder with a firearm (Count I), attempted armed carjacking while armed (Count II), felony causing bodily injury (Count III), two counts of armed carjacking (Counts IV and V), one count of aggravated assault Count VII, and burglary while armed (Count VIII). (App. A 180-187).[1] The trial court sentenced Petitioner to terms of life imprisonment on Counts I, III, IV, and V. (App. A 197-200, 201-213). Petitioner was also sentenced to a thirty-year sentence on Count II, and five-year sentences on each of Counts VII and VIII. (App. A 201-213). Counts I, II, IV, V, and VIII carried three-year minimum mandatory provisions and all sentences were ordered to run concurrently. (App. A 201-213).

Petitioner timely appealed his judgment to the Florida Fifth District Court of Appeal. (App. A 275). Petitioner's judgment and sentence were affirmed per curiam on May 11, 1999. (App. B 50).[2] Mandate issued on July 6, 1999. (App. B 159). On July 3, 2000, Petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In this motion, Petitioner presented a claim of ineffective assistance of counsel in failing to raise the defense of voluntary intoxication. (App. C 4-12). On September 7, 2001, the trial court held an

---

[1](App. A, B, C, etc.) refers to the Appendix filed on July 1, 2003.

[2] Barrow v. State, 736 So.2d 1203 (Fla. 5th DCA 1999).

evidentiary hearing. (App. C 36-213). On July 16, 2002, the trial court denied the petition. (App. C 229-231). On August 7, 2002, Petitioner timely appealed the trial court's denial of his motion for post-conviction relief in the Florida Fifth District Court of Appeal. (App. B 57-58, C 232-233). Petitioner's judgment and sentence were affirmed per curiam on February 11, 2003. (App. B 151).[3] Mandate issued on March 14, 2003. (App. B 160). On April 18, 2003, Petitioner filed the instant Petition for writ of habeas corpus.

## Timeliness of Petition

In an order dated September 23, 2004, this Court found the Petition timely filed pursuant to 28 U.S.C. § 2244(d)(1). (Doc. 11).

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner." Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted). In the instant case, Respondents concede that Petitioner's claim was properly exhausted in the state courts. (Doc. 13).

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

---

[3] Barrow v. State, 842 So.2d 128 (Fla. 5th DCA 2003).

role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. Williams v. Taylor, 529 U.S. 362, 403-04 (2000). Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Each clause ("contrary to" and "unreasonable application") provides a separate basis for review. Williams at 405-410.

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The AEDPA directs that only clear and convincing evidence will rebut the presumption of correctness afforded the factual findings of the state court. See § 2254(e)(1). Therefore, it is possible that federal review may determine that a factual finding of the state court was in error, but deny the Petition because the overall determination of the facts resulting in the adjudication was reasonable. See Valdez v. Cockrell, 274 F.3d 941, 951 n. 17 (5th Cir. 2001).

### Merits of Claim

As written in his Amended Petition, (Doc. 3), ground one states:

Trial counsel for Defendant, Marcee Beeching, Esquire, rendered ineffective assistance of counsel by failing to properly advise the Defendant that voluntary intoxication was a defense to specific intent crimes at the time of the

alleged offenses. All of the offenses for which the Defendant was ultimately convicted are specific intent crimes to which the limited defense of voluntary intoxication was available at the time of trial. Ms. Beeching was aware that the Defendant was highly intoxicated throughout the course of the alleged events, based on the testimony presented at the pretrial competency hearing and the information provided to counsel by the Defendant. While Ms. Beeching effectively but unsuccessfully challenged the competency of the Defendant to proceed to trial, she overlooked the defense of voluntary intoxication as a viable alternative. The evidence presented at trial that the Defendant had been awake for three days during the commission of the alleged offenses further supports the proposition that the Defendant was intoxicated during the alleged offenses. Had counsel advised the Defendant of the existence of voluntary intoxication as a partial defense to specific intent crimes, presented the defense at trial, and requested the jury instruction to which the Defendant was entitled, the jury would have had the opportunity to apply the defense and consider the lesser-included general intent offenses during its deliberations. But for the deficient performance rendered by counsel, the result of the proceedings would have likely been different.

As noted above, Petitioner raised this claim in state court and after conducting an evidentiary hearing on this issue, the trial court adjudicated the claim as follows:

The Defendant moves for post-conviction relief. The Defendant urges trial counsel rendered ineffective assistance of counsel because counsel failed to advise the Defendant voluntary intoxication was a defense to the specific intent crimes with which the Defendant was charged and ultimately convicted. Voluntary intoxication is available as a defense to negate specific intent. To successfully assert the defense the Defendant 'must come forward with evidence of intoxication at the time of the offense sufficient to establish that (the defendant) was unable to form the intent necessary to commit the crime charge.' The court conducted an evidentary hearing to determine whether trial counsel rendered ineffective assistance of counsel, the court finds trial counsel was not ineffective.

The Defendant was initially assisted by Charles Holloman and, later, at trial by Marcella Beeching. Both attorneys had the benefit of a substantial amount of discovery- including the Defendant's taped confession- and each discussed a voluntary intoxication defense with the Defendant. Both attorneys explained to the Defendant that the defense would be difficult and would likely be

> unsuccessful in the Defendant's case.
>
> The first difficulty each attorney encountered with a voluntary intoxication defense was that the Defendant was adamant that he did not want to take the stand on his own behalf. Both attorneys considered the Defendant's decision not to take the stand a sound tactical decision. The Defendant's decision not to testify allowed counsel to pursue a duress defense and, at the same time, avoid cross-examination by a seasoned prosecutor, avoid the Defendant being required to personally admit his number criminal acts to the jury, and avoid the Defendant being impeached with his prior inconsistent statement that he had only consumed alcohol and marijuana.
>
> The second major difficulty present to each attorney was that there was a substantial amount of evidence indicating the Defendant was not so intoxicated that he could not form the necessary intent to commit the crimes. Both attorneys agreed a voluntary intoxication defense would be a "hard sale." Defense counsel, Holloman, explained it best when he testified, "I would have had a hard time putting him on the stand, and letting him say: 'I didn't know what I was doing." when (the Defendant) told me exactly that he knew precisely what he was doing." Both attorneys agreed there was sufficient evidence from which the jury could conclude the Defendant was able to form the intent necessary to commit the crimes charged.
>
> In this case, trial counsel's decision to rely on the Defendant's contention that he was not a major actor and acted only under duress (an assertion which was supported by the Defendant's initial statements to the authorities) was sound trial strategy. Trial counsel's decisions were the product of an informed and reasonable professional judgment. The court finds trial counsel's performance did not fall below the level of reasonably effective assistance the court have come to expect and require. Strickland v. Washington, 466 U.S. 668 (1984).

App. C, pg. 229-231 (internal trial citations omitted).

This Court must evaluate the state court's adjudication of this claim pursuant to § 2254(d). First, this Court must identify the clearly established federal law with respect to this claim. "[I]n the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the

6

time of the relevant state court decision.'" Maharaj v. Sec'y for Dep't Corr., 432 F. 3d 1292, 1308 (11th Cir. 2005)(*quoting* Williams v. Taylor, 529 U.S. 362, 412 (2001)).

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (*per curiam*)(citations omitted). Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner is entitled to habeas relief when counsel's performance falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceedings would have been different. Id. at 687. Further, in reviewing counsel's performance, the inquiry is whether counsel made a reasonable decision under prevailing professional norms and the court should presume effectiveness. Id. at 690.

Upon an independent review of the record, the state court's adjudication of Petitioner's claims was not contrary to clearly established federal law as the state court specifically cited Strickland as the appropriate standard for reviewing Petitioner's ineffective assistance of counsel claims. Additionally, this Court does not find the state court's adjudication of the claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner has not

presented clear and convincing evidence to rebut the presumption of correctness of the state court's determinations of the factual issues.

## Conclusion

For the foregoing reasons and for the reasons stated in Respondents' second response to the Amended Petition, the Amended Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 19th day of September 2006.

_____
UNITED STATES DISTRICT JUDGE

c:   Counsel of Record